MURPHY, Circuit Judge,
dissenting:
Lawrance was indicted for violating 18 U.S.C. § 2250, which provides in relevant part:
(a) In general. — Whoever—
(1) is required to register under the Sex Offender Registration and Notification Act; *1339 (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
shall be fined under this title or imprisoned not more than 10 years, or both.
As the plain language of the provision makes clear, three elements must be satisfied for an individual such as Lawrance, who has been convicted of a sex offense only under state law, to violate § 2250. First, the individual must be required to register under SORNA. Second, the individual must travel in interstate or foreign commerce. Third, the individual must knowingly fail to register or update his registration as required by SORNA.
It is undisputed that during some portion of the time period set forth in the indictment, Lawrance was required to register under SORNA as a sex offender and knowingly failed to register or update his registration. See Majority Op. at 1336. He therefore satisfied the first and third elements of § 2250. Lawrance, however, only undertook the act necessary to satisfy the second element of the offense, interstate travel, before SORNA applied to sex offenders such as himself who had been convicted of their crimes prior to SOR-NA’s effective date, July 27, 2006.
Section 16913(d) of SORNA reads:
The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.
42 U.S.C. § 16913(d). On February 27, 2007 the Attorney General issued an Interim Rule:
The requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act.
28 C.F.R. § 72.3.
The majority concedes that all of Law-ranee’s interstate travel occurred prior to February 27, 2007, the date the Interim Rule was issued. It contends, however, that from SORNA’s effective date, as opposed to the date of issuance of the Interim Rule, SORNA applied to all sex offenders no matter their date of conviction. Majority Op. at 1335-36. Based on this conclusion, the majority holds that because Lawrance traveled interstate during the gap period between SORNA’s July 27, 2006, effective date and the February 27, 2007, Interim Rule, Lawrance satisfied the second element and was thus properly convicted under § 2250.
For the reasons described in Judge McConnell’s dissenting opinion in United States v. Hinckley, this conclusion is contrary to the unambiguous language of § 16913(d). 550 F.3d at 927 (McConnell, J., dissenting). As Judge McConnell ex *1340 plained m his Hinckley dissent, § 16913(d) has two clauses:
The first clause says, unambiguously, that the Attorney General has the authority to specify the requirements of the subchapter — all of SORNA — to those who were convicted of a sex offense before the date of enactment (July 27, 2006), or its implementation in a particular jurisdiction. This clause provides that the Attorney General “shall” have the authority to “specify the applicability” of SORNA to past offenders. Until the Attorney General does so, the Act applies only prospectively, and does not apply to past offenders....
The second clause gives the Attorney General quite a different authority: to prescribe rules for the registration both of those whose offenses predate SORNA and also for “other categories of sex offenders” who, for whatever reason, are unable to comply with the initial registration requirements of SORNA. This clause also does not present any ambiguity. Whereas the Attorney General has the authority to “specify the applicability” of SORNA only as regards sex offenders who were convicted of their offense prior to SORNA’s enactment, he can prescribe rules for the registration both of any pre-SORNA offenders and of other categories of sex offender (i.e., groups of offenders who committed their offense after enactment of SORNA) who meet the specified criterion, namely the inability to meet the initial registration requirements of subsection (b).... There is no grammatical reason to limit the category of pre-SORNA offenders to those who are unable to comply with subsection (b), for purposes of either clause. Because there is no ambiguity, there is no need to look to the subtitle, the statutory purpose or context, or any other secondary interpretive aids.
Id. 550 F.3d at 937-38 (McConnell, J., dissenting) (footnotes omitted).
Prior to the February 27, 2007, Interim Rule, SORNA was not applicable to defendants such as Lawrance who were convicted of a sex offense prior to July 27, 2006. Accordingly, because all of Lawrance’s interstate travel, the necessary second element of the offense, occurred before the issuance of the Interim Rule, his conviction should be reversed. The majority’s statement that Lawrance “continued to move from address to address in Oklahoma without registering after the Interim Rule, well after the close of the ‘gap period’ and clearly in violation of the registration requirements laid out in 42 U.S.C. § 16913(a),” Majority Op. at 1335 n.3, is irrelevant to the issue here because the provision under which Lawrance was convicted, § 2250(a), requires interstate travel for a state-law sex offender. Thus, I respectfully dissent.